**UNITED STATES of America,**
**Appellee,**

v.

**Emmanuel Blanco BALBUENA,**
**Defendant–Appellant.\***

**No. 14–1645.**

United States Court of Appeals,
Second Circuit.

June 3, 2015.

Sarah P. Karwan, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, on the brief), for Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

Brendan White, White & White, New York, NY, for Defendant–Appellant.

PRESENT: RICHARD C. WESLEY, PETER W. HALL, RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Emmanuel Blanco Balbuena was charged with conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. On January 6, 2014, Balbuena pleaded guilty to the lesser-included offense of conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Balbuena was sentenced on April 23, 2014, to thirty months' imprisonment, to be followed by thirty-six months of supervised release. On appeal, Balbuena argues that the district court erred in concluding that he was not entitled to a minor role reduction under U.S.S.G. § 3B1.2(b).

Though we generally review a sentence for procedural and substantive reasonableness under an abuse of discretion standard, *see United States v. Cavera,* 550 F.3d 180, 189–90 (2d Cir.2008) (en banc), with regard to role adjustments, "[t]his Circuit has not always been consistent in

\* The Clerk of the Court is directed to amend        the caption as above.

describing the standard of review," *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006). "In determining the appropriate standard of review for a district court's application of the Guidelines to the specific facts of a case, this Court follows an either/or approach, adopting a de novo standard of review when the district court's application determination was primarily legal in nature, and adopting a clear error approach when the determination was primarily factual." *United States v. Hsu*, 669 F.3d 112, 120 (2d Cir.2012) (internal quotation marks and brackets omitted).

In this case, the clear error standard is appropriate because the district court's application of U.S.S.G. § 3B1.2 was primarily factual, rather than legal. Indeed, Balbuena himself concedes that the standard of review should be clear error. "A finding of fact is clearly erroneous only if the appellate court is left with the definite and firm conviction that a mistake has been committed." *United States v. Yu*, 285 F.3d 192, 199 (2d Cir.2002) (internal quotation marks omitted). We do not believe that the district court committed clear error here. The district court properly determined that Balbuena purchased distribution-level quantities of heroin, some of which he resold to at least one customer. Thus, even though Balbuena played a lesser drug trafficking role than some of his coconspirators, the district court did not clearly err in concluding that he was not entitled to a role reduction under U.S.S.G. § 3B1.2(b).

We have considered all of Balbuena's arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED.**